LUTZ, APPELLANT, v. LUTZ ET AL., APPELLEES, ET AL.

(No. 6431—Decided October 16, 1944.)

*Mr. John C. Hermann,* for appellee Dorothy N. Lutz.
*Mr. Frederick L. Hoffman* and *Mr. Bernard J. Gilday,* for appellant.

Ross, P. J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton county. A motion has been made in this court to strike the bill of exceptions filed in that court and in this court, for the reason that same was prematurely filed in the trial court. It appears from the record that on January 13, 1944, the trial court made certain findings of fact and reached certain conclusions of law, all of which were duly entered upon the journal of the court.

On the same day, a motion for new trial was filed by the appellant.

On February 1, 1944, a notice of appeal on questions of law was filed, and, on February 18, 1944, a bill of exceptions was filed, being signed and allowed by

the trial judge on March 1, 1944. The case being heard on appeal in this court, it was determined at that time that no final order had been made in the trial court and the appeal was dismissed. Thereafter, on May 18, 1944, the trial court overruled the motion for new trial and entered its decree from which the present appeal has been taken, notice thereof having been filed in the trial court on May 20, 1944.

The bill of exceptions was not refiled thereafter.

It is the claim of the appellee that the bill of exceptions, to be effective as such, must be filed *after* the overruling of the motion for new trial and that the bill of exceptions, having been filed in this case before such action of the court, was prematurely filed, and that it is ineffective as a bill of exceptions in this case and should be stricken from the files.

The historical development of legislation providing a time for the filing of a bill of exceptions is interesting and instructive.

In 1853, a Code of Civil Procedure was enacted by the Legislature, the same appearing in 51 Ohio Laws, 57. From that act, it appears at least that the exceptions must have been reduced to writing during the term in which the case was tried, and that the bill must be filed during such term. 51 Ohio Laws, 104, Sections 291, 294. This is made apparent by the amendment to Section 5301, Revised Statutes, enacted in 1876, appearing in 73 Ohio Laws, 140, which provided:

"In all causes pending in the Court of Common Pleas, or either of the superior courts in this state, either party shall have the right to except to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, and also, in all cases of a motion for a new trial by reason of any supposed misdirection of the court to the jury, or by reason that the verdict, or in case the jury be waived, that the find-

ing of the court may be supposed to be against law or evidence, so that said case may be removed by petition in error, and when a party to a suit in either of the aforesaid courts alleges an exception to the opinion or order or judgment of such court, it shall be the duty of the judge or judges of said court, concurring in such judgment, opinion or order, if required by such party, during the progress of the case, to sign and seal a bill containing such exception or exceptions, before the case proceeds; or, if the party consents, the signing and sealing of such bill of exceptions may be suspended until after the trial is closed, and said bill of exceptions shall be signed during the term, or within thirty days thereafter, and such bill of exceptions, when signed and sealed, shall, if the party desires it, be made a part of the record in such suit, and when signed and sealed after the close of the term, shall be entered on the record as of the term at which said trial of the case took place, and for this purpose the minutes and records of the court may be kept open by the clerk thereof, until thirty days after the close of the term.''

Thereafter, the section was again amended to provide that the filing of the bill of exceptions should be "within thirty days from the end of the term at which the verdict is rendered, or the finding of the court is made.'' 84 Ohio Laws, 69; 85 Ohio Laws, 181.

Again the section was amended to provide that "the party excepting must reduce his exceptions to writing and present the same to the trial judge or judges for allowance within forty days after the end of the term at which the verdict is rendered or the finding of the court is made, or where a motion for a new trial is made and not decided by the court, at the same term of court, at which the verdict is rendered or the decision made within forty (40) days from the end of the term, at which such motion is decided * * *.''

Thereafter, the provision was changed to read that the filing must be made "within fifty days after the overruling of the motion for a new trial, or the decision of the court where a motion for a new trial is not necessary." 89 Ohio Laws, 125; 90 Ohio Laws, 203; 91 Ohio Laws, 141; 94 Ohio Laws, 338.

Still later, the section was amended to require that the party excepting must "file the same in the cause within forty days after the overruling of the motion for a new trial, or the decision of the court, where a motion for a new trial is not filed." 96 Ohio Laws, 16.

In 1904, the Legislature again changed the section to require that the bill of exceptions should be filed "not later than forty days after the overruling of the motion for a new trial, or the decision of the court, where the motion for a new trial is not filed." 97 Ohio Laws, 461.

Section 11564, General Code, now provides:

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the objection is to the decision of the court on a motion to direct non-suit, or to arrest the evidence from the jury, or for a new trial for misdirection to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his objections to writing, and file them in the cause, not later than forty (40) days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed. Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for

the preparation and settlement of a bill of exceptions. And provided further that where a motion is filed in the Supreme Court for an order compelling the Court of Appeals to certify its record or when error proceedings as of right are instituted and a motion is filed to dismiss the error proceedings, the bill of exceptions shall be filed in the Court of Appeals, not later than twenty days from allowing such motion to certify, or overruling the motion to dismiss the error proceedings as of right." 116 Ohio Laws, 104, effective January 1, 1936.

In all this legislation it is evident that the lawmakers were seeking a satisfactory date or time to close the period in which a bill of exceptions might lawfully be filed.

Nowhere is there any indication that a time was sought before which the bill might not lawfully be filed. Certainly, the section as it now reads merely fixes a time *after* which the bill may not be so filed.

The appellee relies upon *Toledo & Ohio Central Ry. Co.* v. *Marsh,* 17 C. C., 379, 9 C. D., 548. At page 383 of the opinion, however, it is stated:

"The statute providing for presenting and allowing bills of exceptions and fixing the time within which the same shall be done, determines the period to be within fifty days after the overruling of the motion for new trial or the decision of the court when a motion for new trial is not necessary. So that it would appear that the steps to save for review, *those matters to which the character of error can only be imparted by the trial court in its adverse adjudication of the motion for new trial or in its decision,* must be taken after the decision is made or the motion is overruled, otherwise the matter has not been finally determined and the error does not exist, and it would follow surely that an exception to an error that has not been com-

mitted saves nothing as in this case; it contemplates trouble that may never present itself, and a mistake that the chances are at least even will never be made.'' (Italics added.)

The bill is effective for other purposes than that of indicating the action of the court upon a motion for new trial. *Id.*

Our conclusion is that Section 11564, General Code, provides only a time *after* which a bill of exceptions may not lawfully be filed; and that our Code of Civil Procedure contains no provision fixing a time before which a bill of exceptions may not lawfully be filed.

The incident, the overruling of the motion for a new trial, is merely a reference point selected for the purpose of denoting the time from which the closing date of the limitation is computed. As indicated by the quotations, *supra,* other times and incidents were so selected. The reference point and closing date do not constitute a period in which the filing shall occur. These two points of time merely define the last period in which filing may occur. Such closing dates of limitation have varied from time to time, including the end of the term, fifty days after term, and now forty days after action upon the motion.

Obviously, the bill can not relate to errors occurring subsequent to the date of its filing.

The motion to strike is overruled.

*Motion overruled.*

HILDEBRANT and MATTHEWS, JJ., concur in the syllabus and opinion.